# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| JONATHAN H.,<br><br>                               *Plaintiff*,[1]<br><br>v.<br><br>ANDREW SAUL,<br>COMMISSIONER OF THE SOCIAL SECURITY<br>ADMINISTRATION,<br><br>                              *Defendant*.[2] | CASE NO. 6:18-cv-00054<br><br>**<u>MEMORANDUM OPINION</u>**<br><br>JUDGE NORMAN K. MOON |

       This matter is before the Court on the Defendant's Motion for Summary Judgment (Dkt. 13), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (Dkt. 15, hereinafter "R&R"), and Plaintiff's Objection to the R&R (Dkt. 16, hereinafter "Objection"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. In the R&R, Judge Ballou recommended that this Court grant Defendants' motion. (Dkt. 15, at 1). Plaintiff timely filed his Objection, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's Objection lacks merit, the R&R will be adopted in full.

---

      [1] This Court adopts the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

      [2] Andrew M. Saul became Commissioner of Social Security in June 2019. Commissioner Saul is hereby substituted for the former Acting Commissioner, Nancy A. Berryhill, as the named defendant in this action. *See* 42 U.S.C. § 405(g), Fed. R. Civ. P. 25(d).

## I. STANDARD OF REVIEW

A district court's review of a magistrate judge's report and recommendation is undertaken *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *Farmer v. McBride*, 177 F. App'x 327, 330–31 (4th Cir. 2006). While the Court gives no deference to the magistrate judge's proposed findings and conclusions of law in the R&R, this Court must uphold the factual findings of the Administrative Law Judge ("ALJ") if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019); *Bird v. Comm'r of SSA*, 669 F.3d 337, 340 (4th Cir. 2012). Under this standard of review, the Court must "look[] to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the [ALJ's] factual determinations." *Biestek*, 139 S. Ct. at 1154 (internal citations omitted). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*. A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the Court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision,

so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. BACKGROUND

Because Plaintiff does not appear to object to the R&R's recitation of the factual background and claim history in this case, the Court incorporates that portion of the R&R into this opinion. (*See* R&R at 2–4). By way of summary, Plaintiff applied for (and was denied) disability insurance benefits under the Social Security Act based on his "tachycardia, chest pain, diabetic ketoacidosis, uncontrolled type 1 diabetes, weight loss, weakness and tiredness, body ache/sore skin/rash, vitamin D deficiency, hyperlipidemia, postural tachycardia syndrome, hypertension, palpitations, sleep disorder, and bronchitis." (*Id.* at 2 (citing, *e.g.*, R. 100–01, 111–12)).[3] "The ALJ found that [Plaintiff] had not engaged in substantial gainful activity since December 18, 2013, the alleged onset date," (R&R at 3 (citing R. 32)), and that Plaintiff suffered from "the severe impairments of diabetes mellitus type 1, orthostatic hypotension with syncope, and arrhythmia." (*Id.* at 3 (citing R. 33)). The ALJ concluded that the Plaintiff in this case "retained the residual functional capacity ("RFC") to perform sedentary work with limitations." *Id.* at 3–4. Given Plaintiff's RFC, education, age, work experience, as well as the testimony of a vocational expert, the ALJ found that there existed a significant number of jobs in the national and state economies that Plaintiff could perform. As a result, the ALJ concluded that Plaintiff was not disabled for purposes of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Act. Plaintiff appealed this decision to the Social Security Administration's Appeals Council, which denied his request for review on February 12, 2018. (*Id.* at 4 (citing R. 1–5)).

---

[3] The Court denotes citations to the administrative record as "R" followed by the page number.

## III. ANALYSIS

At the outset, the Court notes that Plaintiff's objections are the same arguments he presented to Judge Ballou and the Social Security Administration's Appeals Council. Indeed, large swathes of Plaintiff's letter objecting to the R&R are taken directly from his prior letter appealing his case to the Appeals Council. (*Compare* Objection at 1–2, *with* R. 255–57).

Fed. R. Civ. P. 72(b) requires parties to object to a magistrate judge's findings and recommendations "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "Rehashing arguments raised before the magistrate judge does not comply" with this requirement. *Sandra L. v. Berryhill*, No. 7:17-cv-00417, 2019 WL 1140238, at *2 (W.D. Va. Mar. 12, 2019). "Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation" that have the same effect as a failure to object. *Id.* (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–45 (W.D. Va. 2008)).

It appears that Plaintiff has failed to specifically object to any of the magistrate judge's particular findings contained in the R&R. Rather, Plaintiff's letter seems to be a generalized objection to both the ALJ's findings as well as the magistrate judge's failure to overturn them. Regardless of the specificity of Plaintiff's objection, however, this Court would still find that the substantial evidence standard would prevent it deviating from the ALJ's findings in this case. This is because, as the R&R notes, the ALJ "provided a thorough discussion of [Plaintiff's] case and her conclusions." (R&R, at 10). It is out of an abundance of caution, therefore, that this Court undertakes a *de novo* review of the R&R on the issues of whether there existed substantial evidence for the ALJ's determinations on Plaintiff's RFC and whether a significant number of jobs exist

that Plaintiff can perform, as these are the two findings that Plaintiff seems to most explicitly contest in his objection letter. (Objection at 2) (citing the difference in job availability between the regional economy and the local economy); (Objection at 4) (noting how the Plaintiff's physical limitations impose serious difficulties upon his ability to cope with and adapt to life's challenges).

### A. RFC Determination

The ALJ 1) cited, discussed, and explained the weight applied to each medical opinion in the record, 2) discussed her findings on the severity of each of Plaintiff's medically determinable impairments, 3) described Plaintiff's allegations of impairment, the information contained in his applications and self-reports, and his testimony, and 4) "recognized the medical evidence in the record that demonstrated Plaintiff's insulin-dependent diabetes prior to the alleged onset date" as well as the medical evidence relating to after the alleged onset date. (R&R at 9–10; R. 33, 35, 36–40). As discussed in the R&R, the ALJ concluded that the Plaintiff's impairments caused him periodic illness, but the ALJ ultimately concluded the medical evidence did not support his claims of physical limitation. (R. 46). This conclusion was supported both by 1) Plaintiff's claims that he was able to provide care for his three-year-old son, clean his room and bathroom, and do laundry, and 2) Plaintiff's refusal to take "appropriate measures to improve his diabetes mellitus control." I agree with Judge Ballou that the ALJ properly and accurately "characterized and described the medical evidence" in the record, including the repeated mentions of Plaintiff's refusal to adhere to his medical providers' treatment advice. (R. 44–46). I also agree with him that a "reasonable mind," *Johnson*, 434 F.3d at 653, could agree that Plaintiff's ability to perform his daily activities—including taking care of his three-year-old son—supports a conclusion that an individual "may not be completely disabled." (R&R at 12).

At most, Plaintiff's objection letter outlining the narrative of his claim and physical limitations constitutes a tacit invitation to the Court to "reweigh conflicting evidence, make credibility determinations, [and] substitute [its] judgment for that of the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). As a matter of law, the Court is obligated to decline this invitation, and it finds the ALJ's analysis of Plaintiff's subjective complaints about his limitations supported by substantial evidence and an adequate explanation. *Id*. Accordingly, any specific objection Plaintiff has made as to the findings on his physical limitations will be overruled.

### B. Vocational Expert Testimony

Plaintiff, again rehashing an argument from his letter to the Social Security Administration's Appeals Council, briefly objects to the ALJ's finding that there exists a sufficient number of jobs that Plaintiff can perform, given his characteristics and limitations. (R. 49). He indicates the vocational expert suggested that, although available job position data for his county of residence could not be provided, the numbers would be "sufficiently low." (Objection at 2). But, under the Act, the vocational expert is not obligated to identify jobs in the community in which the plaintiff lives. 42 U.S.C. § 423(d)(2)(A) ("An individual shall be determined to be under a disability only if his physical…impairments are under such severity that he is not only unable to do his previous work but cannot…engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives."); *Broughman v. Astrue*, Case No. 7:07-cv-00233, 2008 WL 5381573, at *5 (W.D. Va. Dec. 19, 2008).

The ALJ therefore appropriately relied on the vocational data provided for the state and national economies in formulating her conclusion. Moreover, the vocational data cited—representative jobs of envelope addresser (16,000 nationally and 300 in Virginia), call out operator

(12,000 nationally and 150 in Virginia), and charge account clerk (33,000 nationally and 2,000 in Virginia), (R. 49)—suffice for this Court to find that the ALJ had substantial evidence upon which to base her findings in this case. *See Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (finding that 110 jobs in the region did not constitute an insufficient number). Consequently, any specific objection that Plaintiff has made to the ALJ's use of the vocational expert's testimony will also be overruled.

### III. CONCLUSION

Even construing Plaintiff's letter to contain specific objections to the R&R and thereafter undertaking a *de novo* review of the R&R, the Court finds that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order overruling Plaintiff's Objection, (Dkt. 16), adopting the R&R, (Dkt. 15), granting the Defendant's Motion for Summary Judgment, (Dkt. 13), and dismissing and striking this action from the Court's active docket.

Entered this __20th__ day of September, 2019.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE